**REESE RICHMAN LLP**
Michael R. Reese (State Bar No. 206773)
mreese@reeserichman.com
Kim E. Richman
krichman@reeserichman.com
875 Avenue of Americas, 18th Floor
New York, New York 10001
Telephone:  (212) 643-0500
Facsimile:   (212) 253-4272

*Counsel for Plaintiff and the Proposed Class*

FILED

2010 APR -7  PM 3: 12

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HIBRET TILAHUN,** individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **SUNSHINE MAKERS, INC. and DOES 1 through 15,** <br><br> Defendants. | Case No. **SACV10-00427 AG (ANx)** <br><br> **CLASS ACTION COMPLAINT** <br><br> **Cal. Bus. & Prof. Code §17200** *et seq.* **and §17500** *et seq.,* **Cal. Civ. Code § 1750** *et seq.,* **Strict Product Liability, Unjust Enrichment.** <br><br> **DEMAND FOR JURY TRIAL** |

1    Plaintiff Hibret Tilahun ("Plaintiff"), by and through her undersigned counsel,

2  alleges for her class action complaint against defendant Sunshine Makers, Inc. and

3  DOES 1 through 10, inclusive, ("Defendant" or "Sunshine") the following based upon

4  her own personal knowledge and the investigation of her counsel.  Plaintiff believes that

5  substantial evidentiary support will exist for the allegations set forth herein after a

6  reasonable opportunity for discovery.

7                                    **INTRODUCTION**

8    1.    In recent years, consumers have become significantly more aware and

9  sensitive to the toxicity and impact on the environment of cleaning products used in

10 their homes.  As a result, demand has increased for so-called "green" products that are

11 naturally derived, environmentally sound and non-toxic.

12   2.    Defendant Sunshine manufactures and sells a line of household cleaning

13 products under the brand name "Simple Green".

14   3.    Taking advantage of consumer demand for safe household cleaning

15 products, Defendant markets Simple Green as non-toxic.   Defendant makes this

16 representation prominently in bold letters on the front of the product as well as through

17 marketing and advertising, including numerous television and radio commercials

18 discussed below.

19   4.    Defendant also conveys – through the "Green" name of the products itself,

20 as well as through other marketing and advertising – that its product is environmentally

21 sound, *i.e.*, will not harm the environment.

22   5.    Unfortunately for consumers such as the Plaintiff, who have purchased

23 Simple Green, the representation that Simple Green cleaning products are non-toxic and

24 environmentally sound is false.  Rather, Simple Green household cleaning products

25 contain 2-butoxyethanol – a dangerous chemical associated with a host of adverse health

26 effects ranging from birth defects, autoimmune diseases and anemia.  Likewise, because

27 of its toxic effect, Simple Green is not "green" or otherwise environmentally sound, but

28 rather causes harm to the environment through death of wildlife for instance.

1

6.    In fact, the state of California, as well as numerous other states, have classified 2-butoxyethanol as a hazardous material. See *California Occupational Safety and Health Regulations (CAL/OSHA), §339; The Hazardous Substances List.*

7.    Defendant has profited enormously from its false and misleading representation that its product is non-toxic, when in fact, it is not. This proposed nationwide class action seeks to put an end to Defendant's deceptive marketing of Simple Green products as non-toxic and environmentally sound, when in fact it is not.

## JURISDICTION AND VENUE

8.    This Court has personal jurisdiction over the parties in this case. The Defendant is a corporate entity whose headquarters are in California within this District.

9.    This Court has original jurisdiction over this class action under 18 U.S.C. §1332(d), which under the provisions of the Class Action Fairness Act ("CAFA") explicitly provides for the original jurisdiction of the Federal Courts in any class action in which any member of the plaintiff class is a citizen of a State different from any defendant, and in which the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. Plaintiff alleges that the total claims of individual class members in this action are well in excess of $5,000,000 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. §1332(d)(2), (5). As set forth herein, Plaintiff is a citizen of New York whereas Defendant is a citizen of California. Furthermore, Plaintiff allege that the total number of members of the proposed Plaintiff Class is greater than 100, pursuant to 28 U.S.C. §1332(d)(5)(B). Therefore, diversity of citizenship exists under CAFA as required by 28 U.S.C. §1332(d)(2)(A).

10.    Venue is proper in this District under 28 U.S.C. § 1391(a). Defendant maintains its headquarters within this District and a substantial part of the events or omissions giving rise to the claims occurred within this District.

## APPLICATION OF CALIFORNIA LAW

11.    California law applies to the claims and issues asserted herein. Plaintiff seeks damages and equitable relief on behalf of herself and all other United States

2

1  residents similarly situated, including residents of California, under the laws of the State
2  of California.

3      12.    All of Defendant's relevant business, including the formulation and
4  execution of the unlawful practices alleged herein, occurred in, or emanated from
5  California, where Defendant has its principal place of business.    Accordingly,
6  California has significant contacts and/or a significant aggregation of contacts to the
7  claims asserted by Plaintiff and all Class members.

8      13.    California has a materially greater interest than any other state in regulating
9  unlawful conduct by Defendant, which conducted its unlawful practices out of its
10 principal place of business in California, and in enforcing the rights and remedies
11 granted to United States consumers, including California residents, under the California
12 laws invoked by this complaint.  These rights and remedies further strong fundamental
13 public policies of the State of California.

14                          **PARTIES**
15                **Individual and Representative Plaintiff**

16     14.    Plaintiff Hibret Tilahun is an individual consumer who, at all times
17 material hereto, was a citizen of Brooklyn, New York.  Plaintiff Tilahun purchased
18 Simple Green All-Purpose Cleaner no less than two times in 2009 for a premium price
19 from retail stores located in Brooklyn, New York.  Plaintiff relied on Defendant's false,
20 misleading and deceptive written misrepresentation on the packaging of the Simple
21 Green product that stated it was "Non-Toxic", as well as its representation that it is
22 "green" – *i.e.*, that it would not harm the environment – in deciding to purchase Simple
23 Green for its premium price, believing that it was, in fact non-toxic and environmentally
24 sound.  Had Plaintiff known the truth that the representation that Simple Green was
25 "non-toxic" was untrue, and that it was not "green", she would not have purchased the
26 Simple Green product, nor paid the premium price for it.

27
28

3

CLASS ACTION COMPLAINT

**Defendants**

15.    Defendant Sunshine is a California corporation with its principal place of business at 15922 Pacific Coast Highway, Huntington Beach, California.

16.    At this time Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and Plaintiff will seek leave to amend this complaint when said names and capacities have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the DOE Defendants is in some manner responsible or liable for the acts, activities and damages alleged herein.

17.    Plaintiff is informed and believes and thereon alleges that at all times herein relevant, each of the Defendants was the agent, servant, representative and employee of the remaining Defendants, and in doing the things hereinafter alleged, each was acting within the course and scope of said agency and employment and with the ratification and authorization of their respective principals.

## COMMON FACTUAL ALLEGATIONS

18.    Defendant markets its Simple Green product as safe for household use and non-toxic.  Specifically, the packaging of Simple Green states that it is "Non-Toxic":

//
//
//
//
//
//
//
//
//
//
//
//

4

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



5

1    19.    Defendant reinforces this idea that its Simple Green product is non-toxic

2  through both print and television advertising.  For example, on its website Defendant

3  states that:

4                              **Product Comparison**

5          Many cleaning products contain harsh chemicals that, even through normal usage,

6          could endanger the health of you and your family.  For example, citrus oils are

7          currently under investigation because they are thought to contribute to indoor

8          pollution and increased incidence of asthma. ***Protect yourself, your family, and***

9          ***your environment with Simple Green The Original Green Cleaner*™**.

10    20.    Defendant has made similar misrepresentations in a series of commercials

11  it has run on television and radio.  For example, in one radio advertisement, Defendant

12  has made the following representations :

13          As a grandfather, I know that children get their hands on everything and each

14          year over 250,000 children need help from poison control centers due to exposure

15          to toxic household cleaners. Simple Green can replace those hazardous products

16          without sacrificing the quality of your cleaning needs.

17  http://www.simplegreen.com/about_us_news.php (last visited April 5, 2010).

18    21.    Likewise, in another radio advertisement, Defendant has made the

19  following representations:

20          We love our pets even when they leave behind odors and stains on the carpets

21          and floors. Protect the health of your pets and replace your toxic household

22          cleaners with Simple Green. Safely clean up after them without sacrificing the

23          quality of your cleaning needs. ... At Simple Green, your family's safety is our

24          business.

25  *Id.*

26    22.    Unfortunately for consumers, these representations that Simple Green

27  household cleaning products are non-toxic, as well as being environmentally sound, are

28

6

1   misleading and false.   Rather, Simple Green cleaning products contain a dangerous

2   chemical – 2-butoxyethanol – that poses harm to both humans and wildlife.

3        23.   2-Butoxyethanol is so toxic that it has been listed as a hazardous substance

4   by the state of California.   See *California Occupational Safety and Health Regulations*

5   *(CAL/OSHA), §339; Hazardous Substances List* (listing 2-butoxyethanol as a hazardous

6   substance).

7        24.   Other states have also classified 2-butoxyethanol as a toxic material.   For

8   example, the state of New Jersey Department of Health has classified it as a hazardous

9   substance and stated the following:

10              -     2-Butoxy Ethanol can affect you by ingestion and may be

11                    absorbed through the skin.

12              -     2-Butoxy Ethanol should be handled as a CARCINOGEN--

13                    WITH EXTREME CAUTION.

14              -     Contact can irritate the skin and eyes with possible eye

15                    damage.

16              -     Inhaling 2-Butoxy Ethanol can irritate the nose and throat.

17              -     2-Butoxy Ethanol can cause nausea, vomiting, diarrhea

18                    and abdominal pain.

19              -     Exposure can cause headache, dizziness, lightheadedness

20                    and passing out.

21              -     2-Butoxy Ethanol may damage the liver and kidneys.

22                    **Reproductive Hazard**

23              -     2-Butoxy Ethanol may damage the developing fetus.

24                    There is limited evidence that 2-Butoxy Ethanol may damage

25                    the male reproductive system (including decreasing the sperm

26                    count) in animals and may affect female fertility in animals.

27

28

7

CLASS ACTION COMPLAINT

1

## CLASS ALLEGATIONS

2      25.   This action has been brought, and may be properly maintained, under Fed.

3   R. Civ. P. 23(a)(1)-(4) & (b)(3).

4      26.   Plaintiff brings this action as a class action on behalf of herself and all

5   others similarly situated initially defined as follows:

6          All persons who from April 7, 2006 to present purchased Simple Green

7          cleaning products.

8   Excluded from the above Class are Defendant; any entity in which the Defendant has a

9   controlling interest; any of Defendant's officers, directors, or employees; the legal

10   representatives, heirs, successors and assigns of Defendant.

11      27.   **Numerosity**—Fed. R. Civ. P. 23(a) (1): The members of the Class are so

12   numerous and widely dispersed that joinder of them in one action is impractical.  On

13   information and belief, thousands of individuals throughout the United States have

14   purchased Simple Green cleaning products.

15      28.   **Existence and Predominance of Common Questions of Law and Fact**—

16   Fed. R. Civ. P. 23(a)(2); 23(b)(3): Common questions of law and fact exist as to all

17   members of the Class and predominate over any questions affecting only individual

18   Class members.  These common legal and factual questions include, but are not limited

19   to, the following:

20          a.          Whether Defendant misrepresented and/or failed to disclose

21                      material facts concerning Simple Green;

22          b.          Whether Defendant's conduct was unfair and/or deceptive;

23

24          c.          Whether Defendant has been unjustly enriched as a result of

25                      the unlawful, fraudulent and unfair conduct alleged in this

26                      complaint, such that it would be inequitable for Defendant to

27                      retain the benefits conferred upon it by the Plaintiff and the

28                      proposed Class;

          d.          Whether Defendant advertised Simple Green products with

8

---

the intent not to sell them as advertised in violation of Civil Code § 1770(a)(7);

e.   Whether Defendant represented on packaging for Simple Green products that those products had characteristics, uses or benefits that they do not have, in violation of Civil Code §1770(a)(5).

f.   Whether Defendant is subject to liability for violating California's Consumers Legal Remedies Act, Civ. Code §§ 1750-1784;

g.   Whether Defendant has violated California's Unfair Competition Law, Bus. & Prof. Code §§ 17200-17209;

h.   Whether Defendant has violated California's False Advertising Law, Bus. & Prof. Code §§ 17500-17536;

i.   Whether the Class is entitled to an award of restitution pursuant to California Bus. & Prof. Code § 17203.

j.   Whether Plaintiff and the Class have sustained damages with respect to the common law claims asserted, and if so, the proper measure of their damages.

29.   **Typicality**—Fed. R. Civ. P. 23(a)(3): Plaintiff's claims are typical of the claims of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful and willful conduct.

30.   **Adequacy of Representation**—Fed. R. Civ. P. 23(a)(4): Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of Class members she seeks to represent. Plaintiff has retained competent and experienced class action counsel who intend to vigorously prosecute this action. The

9

CLASS ACTION COMPLAINT

1  Class members' interests will be fairly and adequately protected by Plaintiff and her
2  counsel.

3      31.    **Superiority**—A class action is superior to other available methods for the
4  fair and efficient adjudication of this controversy since joinder of all the Class members
5  is impracticable.   The amount at stake for each consumer is such that individual
6  litigation would be inefficient and cost prohibitive.   Additionally, the adjudication of
7  this controversy through a class action will avoid the possibility of inconsistent and
8  potentially conflicting adjudication of the claims asserted herein.   There will be no
9  difficulty in the management of this action as a class action.

10     32.    **Notice** - Plaintiff and her counsel anticipate that notice to the proposed
11 class will be effectuated by publication in major newspapers.

**CAUSES OF ACTION**

**COUNT I**
**Unfair and Deceptive Acts and Practices**
**In Violation of the Consumers Legal Remedies Act**
**(Injunctive Relief Only)**

17     33.    Plaintiff incorporates by reference and realleges all paragraphs alleged
18 herein.

19     34.    This cause of action is brought pursuant to the California Consumer Legal
20 Remedies Act, Cal. Civ. Code § 1750, *et seq.* (the "CLRA").   This cause of action does
21 not seek monetary damages at this point, but is limited solely to injunctive relief.
22 Plaintiff will amend this class action complaint to seek damages in accordance with the
23 CLRA after providing Defendant with notice pursuant to Cal. Civ. Code § 1782.

24     35.    Plaintiff and members of the class are "consumers," as the term is defined
25 by Civil Code § 1761(d) because they bought Simple Green products for personal,
26 family or household purposes.

27     36.    Plaintiff, members of the class, and Defendant have engaged in
28 "transactions", as that term is defined by Civil Code §1761(e).

10

37.    The conduct alleged in this complaint constitutes unfair methods of competition, and unfair and deceptive acts and practices for the purpose of the CLRA, and were undertaken by Defendant in transactions intended to result in, and which resulted in, the sale of goods to consumers.

38.    As alleged more fully above, Defendant has violated the CLRA by falsely representing to Plaintiff and the Class that Simple Green products are non-toxic and environmentally sound.

39.    As a result of engaging in such conduct, Defendant has violated Civil Code §§ 1770(a)(5), (a)(7), and (a)(9).

40.    Pursuant to Civil Code §§ 1780(a)(2), and (a)(5) Plaintiff seeks an order of this Court that includes, but is not limited to, an order requiring Defendant to remove language on the Simple Green packaging and advertising representing Simple Green products to be "non-toxic" and environmentally sound.

41.    Plaintiff and members of the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

42.    The unfair and deceptive acts and practices of Defendant, as described above, present a serious threat to Plaintiff and members of the Class.

## COUNT II
### Violations of the False Advertising Law

43.    Plaintiff incorporates by reference and realleges all paragraphs alleged herein.

44.    As alleged more fully above, Defendant has violated the CLRA by falsely representing to Plaintiff and the Class that Simple Green products are non-toxic and environmentally sound.

45.    Plaintiff and the members of the proposed Class have suffered injury in fact and have lost money or property as a result of Defendant's violations of the False Advertising Law ("FAL").

11

CLASS ACTION COMPLAINT

46.     Pursuant to the Business and Professions Code §§ 17203 and 17535, Plaintiff and the Class seek an order of this Court that includes, but is not limited to:

(a)     requiring Defendant to remove language from Simple Green packaging and advertising representing that Simple Green products are non-toxic and environmentally sound;

(b)     providing restitution to the Plaintiff and members of the proposed Class;

(c)     compelling Defendant to disgorge all revenues obtained as a result of its violations of the FAL; and

(d)     compelling Defendant to pay Plaintiff's and the Class' attorney fees and costs.

## COUNT III
### Violation of the Unfair Competition Law

47.     Plaintiff incorporates by reference and realleges all paragraphs alleged herein.

48.     By committing the acts and practices alleged herein, Defendant has engaged in deceptive, unfair and unlawful business practices in violation of California's Unfair Competition Law as to the class as a whole.

49.     Defendant has violated the Unfair Competition Law ("UCL") by engaging in unlawful, fraudulent and unfair conduct.

50.     Defendant has violated the UCL's proscription against engaging in unlawful conduct as a result of (i) its violations of the CLRA, Civil Code §§ 1770(a)(5), (a)(7) and (a)(9), as alleged above; and (ii) its violations of the FAL, Bus. & Prof. Code §§ 17500-17536, as alleged above.

51.     Defendant's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

52.     As more fully described above, Defendant's misleading marketing, advertising, packaging and labeling of Simple Green is likely to deceive reasonable consumers.  Indeed, Plaintiff and the other members of the Class were unquestionably

12

1  deceived regarding the health benefits of Simple Green, as Defendant's marketing,
2  advertising, packaging and labeling of Simple Green misrepresent and/or omit the true
3  facts concerning the benefits of Simple Green.  Said acts are fraudulent business
4  practices.

5      53.   Defendant's acts and practices described above also violate the UCL's
6  proscription against engaging in unfair conduct.

7      54.   Plaintiff and the other members of the Class who purchased Simple Green
8  suffered a substantial injury by virtue of buying a product they would not have
9  purchased absent Defendant's unlawful, fraudulent and unfair marketing, advertising,
10  packaging and labeling or by paying an excessive premium price for the unlawfully,
11  fraudulently and unfairly marketed, advertised, packaged and labeled Simple Green.

12      55.   There is no benefit to consumers or competition from deceptively
13  marketing and labeling household cleaning products.  Indeed, the harm to consumers
14  and competition is substantial.

15      56.   Plaintiff and the other members of the Class who purchased Simple Green
16  had no way of reasonably knowing that the Simple Green product they purchased was
17  not as marketed, advertised, packaged and labeled.   Thus, they could not have
18  reasonably avoided the injury each of them suffered.

19      57.   The gravity of the consequences of Defendant's conduct as described
20  above outweighs any justification, motive or reason therefore, particularly considering
21  the available legal alternatives which exist in the marketplace, is immoral, unethical,
22  unscrupulous, offends established public policy or is substantially injurious to Plaintiff
23  and the other members of the Class.

24      58.   Defendant's violations of the UCL continue to this day.

25      59.   Pursuant to Business & Professional Code § 17203, Plaintiff and the Class
26  seek an order of this Court that includes, but is not limited to, an order requiring
27  Defendant

28

13

CLASS ACTION COMPLAINT

(a)    to remove language from Simple Green packaging and advertising representing that Simple Green products are non-toxic and environmentally sound;

(b)    to provide restitution to the Plaintiff and members of the proposed class;

(c)    to disgorge all revenues obtained as a result of its violations of the UCL; and

(d)    to pay Plaintiff's and the Class' attorney fees and costs.

## COUNT III
### Strict Product Liability

60.    Plaintiff incorporates by reference and realleges all paragraphs alleged herein.

61.    Since at least April 2006, Defendant had a strict duty to disclose and warn every Class Member as to the toxin 2-Butoxy Ethanol.

62.    Defendant has breached said duty by stating that its Simple Green products are non-toxic, when, in fact, they contain the toxin 2-Butoxy Ethanol.

63.    Defendant is liable to the Class based on strict product liability.

64.    Defendant is legally liable to disgorge and refund all monies paid by the Class for Simple Green products since April 7, 2006. The expenditures of said monies by the Class were proximately caused by said breach.

65.    In addition, punitive damages are appropriate and demanded for the reasons set forth above.

## COUNT IV
### Unjust Enrichment

66.    Plaintiff incorporates by reference and realleges all paragraphs alleged herein.

67.    By engaging in the conduct described in this complaint, Defendant has been unjustly enriched by its sale of Simple Green products by the use of false

14

advertising and by engaging in fraudulent and deceptive conduct to persuade consumers that Simple Green products are non-toxic and environmentally sound.

68.   As a proximate result of Defendant's unlawful, fraudulent and unfair conduct, Defendant has obtained revenues by which it became unjustly enriched at the expense of Plaintiff and members of the proposed Class.   Under the circumstances alleged herein, it would be unfair and inequitable for Defendant to retain the profits it has unjustly obtained at the expense of the Plaintiff and the Class.

69.   Accordingly, Plaintiff and the Class seek an order of this Court that includes, but is not limited to, establishing Defendant as a constructive trustee of the profits that served to unjustly enrich it, together with interest during the period in which Defendant retained such funds, and requiring Defendant to disgorge those funds to Plaintiff and members of the proposed Class in a manner to be determined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on behalf of herself and the proposed Class as follows:

A. For an order certifying the proposed Class herein under Federal Rule of Civil Procedure 23(a) and (b)(3); appointing Plaintiff as representatives of the class; and appointing her undersigned counsel as class counsel;

B. For a declaration that Defendant is financially responsible for notifying Class members of the pendency of this suit;

C. For an award of restitution pursuant to Bus. & Prof. Code §§ 17203, 17535;

D. For an award of disgorgement pursuant to Bus. & Prof. Code §§ 17203, 17535;

E. For an order enjoining Defendant's unlawful and deceptive acts and practices pursuant to Bus. & Prof. Code §§ 17203, 17535 as follows:

> a. to remove language from Simple Green's packaging and advertising that represent that the product is "non-toxic"; and

15

REESE RICHMAN LLP
Michael R. Reese (State Bar No. 206773)
Kim E. Richman
875 Avenue of Americas, 18th Floor
New York, New York 10001

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIBRET TILAHUN, individually and on behalf of others similarly situated, | CASE NUMBER |
| PLAINTIFF(S) | **SACV10-00427 AG (ANx)** |
| v. | |
| SUNSHINE MAKERS, INC. and DOES 1 through 15, | |
| DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): SUNSHINE MAKERS, INC.

A lawsuit has been filed against you.

Within **21** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Michael Reese_____, whose address is _REESE RICHMAN LLP , 875 Avenue of the Americas, 18th Floor, NY, NY 10001_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _Apvi 1 7, 2010_

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                                    SUMMONS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV10- 427 AG (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| HIBRET TILAHUN, individually and on behalf of others similarly situated | SUNSHINE MAKERS, INC. and DOES 1 through 15; |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| REESE RICHMAN LLP<br>875 Avenue of the Americas, 18th Floor, New York, NY 10001<br>212 643 0500 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No       ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
U.S.C. §1332(d) False and misleading claims regarding environmental soundness and toxicity.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 850 Securities/Commodities/Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 891 Agricultural Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 892 Economic Stabilization Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 893 Environmental Matters | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 894 Energy Allocation Act | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 895 Freedom of Info. Act | ☐ 245 Tort Product Liability | | | | |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 290 All Other Real Property | | | | |
| ☐ 950 Constitutionality of State Statutes | | | | | |

### SACV10-00427 AG (ANx)

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Kings County, New York |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California | Kings County, New York |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date: April 6, 2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

CV-71 (05/08)              CIVIL COVER SHEET              Page 2 of 2